IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Gary Fredrich, | C/A No. 3:13-cv-01072-JFA |
| Plaintiff, | |
| vs. | **ORDER** |
| Dolgencorp, LLC, | |
| Defendant. | |

**I.     INTRODUCTION**

This matter comes before the Court on a motion to reconsider filed by Dolgencorp, LLC. (ECF No. 73). Specifically, the Defendant moves this Court to reconsider the claims denied summary judgment in its order dated September 8, 2014, ECF No. 72, which granted in part and denied in part Defendant's Motion for Summary Judgment, ECF No. 52.

As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the Court will treat this motion as a Rule 54(b) motion to revise its order. FED. R. CIV. P. 54(b); see also *Regan v. City of Charleston, S.C.*, 2:13–CV–3046–PMD, 2014 WL 4215871 (D.S.C. Aug. 18, 2014). While the Fourth Circuit Court of Appeals has offered little guidance on the evaluation standard, it has held that motions under Rule 54(b) are "not subject to the restrictive standards" of motions under Rule 60. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (finding it "unnecessary to thoroughly express [its] views on the interplay of Rules 60, 59, and 54"). Nevertheless, district courts in the Fourth Circuit generally look to Rule 59(e)'s standards for guidance on Rule 54(b) motions to revise orders. *E.g., Regan v. City of Charleston, S.C.*, 2:13-CV-3046-PMD, 2014 WL 4215871 (D.S.C. Aug. 18, 2014); *Joe Hand Promotions, Inc.,* 2012 WL 6210334, at *2 (D.S.C. Dec. 13,

2012); *Ruffin v. Entm't of E. Panhandle,* 3:11–CV–19, 2012 WL 1435674, at *3 (N.D.W.Va. Apr. 25, 2012).

A court's reconsideration under Rule 59 "is an extraordinary remedy that should be applied sparingly." *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997). Accordingly, the Fourth Circuit has held that a court should grant a motion to reconsider only when (1) an intervening change in controlling law occurs; (2) additional evidence not previously available has been presented; or (3) the prior decision was based on clear error or would work manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). As a result, Rule 59 motions are neither an opportunity "to make arguments that could have been made before the judgment was entered," *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002), nor a chance to rehash issues already ruled upon because a party disagrees with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Defendant has moved the Court to reconsider its order denying Defendant summary on three alleged defamatory statements made by an employee of Defendant, Renard Belser, and concerning the Plaintiff, Gary Fredrich. In its motion for reconsideration, the Defendant argues that in its order denying their motion for summary judgment, the Court inadvertently shifted the burden of proof on vicariously liability on to the Defendant. Under the *Hutchinson* analysis, the Court will construe this argument to mean that the decision to deny summary judgment on these three statements was based on a clear error.

The Court has reviewed the matter set out in the motion and accompanying memorandum and the memorandum in opposition. For the reasons stated below, the Court finds no basis for disturbing its earlier decision. Accordingly, the motion to reconsider is respectfully denied.

**II.     PROCEDURAL HISTORY**

In this action, Plaintiff alleged claims for workers' compensation retaliation and defamation. (ECF No. 1). Defendant filed a motion for summary judgment. (ECF No. 52). Plaintiffs opposed. (ECF No. 59). The Court scheduled and heard oral argument on the matter, at which time it took under advisement the motion for summary judgment. The Court issued a written order, ECF No. 72, finding that Defendant was entitled to summary judgment on the workers' compensation retaliation claim, and a majority of the defamation claims, except for the following three alleged defamatory statements:

1. The Court denied Defendant summary judgment on the pre-termination statements made by Belser to other employees allegedly concerning his cash register coming up short, and that Plaintiff was moving money around to set Belser up for termination.
2. The Court denied Defendant summary judgment on the alleged post-termination statement, "I told you his ass was stealing" made by Belser to co-worker Caroline Lopez-Ortiz.
3. The Court denied Defendant summary judgment as to the statement allegedly made by Belser to co-worker Brett Willis that "Gary is prejudiced against me."

### III.  SUMMARY JUDGMENT

The party moving for summary judgment is not free from any burden of proof. The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Viewed in the light most favorable to the non-moving party on summary judgment, Plaintiff, the record revealed the following: Willis and Lopez-Ortiz testified that co-worker Belser made comments to them that "his register would come up short[,] Gary was taking his money." Belser testified, "Plaintiff was trying to set him up for termination by tampering with his register, to make it appear short on cash, and that he actually witnessed Plaintiff doing so." Lopez-Ortiz testified that on the day that Plaintiff was terminated, Belser came in to work the afternoon shift and made the comment "I told you his ass was stealing." Further, Willis testified that Belser said, "Gary is prejudiced against me." There was also disputed evidence that Plaintiff informed the Defendant of Belser's behavior and statements before Plaintiff was terminated.

From these facts, the Court gathered that Belser made certain statements that may be defamatory, such statements were made to co-workers not in a managerial role, and that such statements were made while Belser was working. In a light most favorable to the Plaintiff, the Court believed that this evidence was sufficient for a reasonable jury to find that Belser made defamatory statements, and such statements were made within the scope of employment to co-workers during work hours, thereby subjecting Defendant to a vicarious liability claim.

Although Defendant believes that there is no way for it to be vicariously liable for Belser's defamatory statement, as laid out below, vicariously liability is usually an issue for a jury to decide, and "[s]ince its impact is rather drastic, a summary judgment must be used with due regard for its purposes and should be cautiously invoked so that no person will be improperly deprived of a trial of the disputed factual issues. *Watson v. S. Ry. Co.*, 420 F. Supp. 483, 486 (D.S.C. 1975) *aff'd*, 542 F.2d 1170 (4th Cir. 1976).

**IV.     SCOPE OF EMPLOYMENT LAW/ANALYSIS**

The general rule of law applicable to scope of employment cases is well understood in South Carolina.

> The difficulty arises upon its application to varying and diverse circumstances. The terms "course of employment" and "scope of authority," are not susceptible of accurate definition. What acts are within the scope of employment can be determined by no fixed rule. The authority from the master is generally to be gathered from *all* the surrounding and attendant circumstances. In cases where the deviation is slight and not unusual the [c]ourt may, and often will, as matter of law, determine that the servant was still executing his master's business. So, too, where the deviation is very marked and unusual . . . the [c]ourt in like manner may determine that the servant was not on the master's business at all, but on his own. Cases falling between these extremities will be regarded as involving merely a question of fact, to be left to the jury.

*Adams v. S. Carolina Power Co.*, 21 S.E.2d 17, 18–19 (S.C. 1942) (citing 5 AM. JUR. § 376, p. 714) (emphasis added).

What is within the scope of employment may be determined by implication from the circumstances of the case." *Froneberger v. Smith*, 748 S.E.2d 625, 633 (S.C. Ct. App. 2013). South Carolina courts have held in numerous cases that if there is doubt as to whether the servant in injuring a third person was acting at the time within the scope of his authority, the doubt will be resolved against the master at least to the extent of requiring the question to be submitted to the jury for determination. *See e.g.*, *Adams v. S. Carolina Power Co.*, 21 S.E.2d 17, 19 (1942).

The issues of agency relationship and scope of employment are generally for the jury. *Murphy v. Jefferson Pilot Commc'ns Co.*, 364 S.C. 453, 463, 613 S.E.2d 808, 813 (S.C. Ct. App. 2005). Here, there were conflicting arguments regarding Belser's actual or apparent authority and scope of employment. The Defendant fervently maintains that all of Belser's statements were outside his scope of employment; however, simply put, the record was undeveloped as to the statements that survived summary judgment. As stated above, the Plaintiff provided evidence that the statement was made by Belser, to co-workers, during work hours. This creates

an ambiguity as to whether the statements were made within the scope of employment, and presents a proper question of fact for a jury. Therefore, summary judgment for Defendant was not warranted or appropriate.

The Court noted the lack of evidence regarding these statements, specifically the undeveloped record on these statements, in order to illustrate to the parties that ***all*** the surrounding and attendant circumstances regarding these statements would have been helpful to the Court in deciding the motion for summary judgment. This lack of evidence, in and of itself, creates issues of fact, as the Court is unable to definitively determine whether Defendant is vicariously liable for Belser's statements. Given the controlling South Carolina jurisprudence, the Court was compelled to deny summary judgment as to these statements and allow the parties to present these issues to a jury for resolution. The Court looked at the basic evidence presented, in a light most favorable to the Plaintiff, and determined that summary judgment should be denied.

### V.    CONCLUSION

For the foregoing reasons, the Court respectfully denies Defendant's Motion to Reconsider.

IT IS SO ORDERED.

October 23, 2014                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge